# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:14-CR-00013-JDK |
| v. | § |
| | § |
| | § |
| ERIC SCOTT SMART (1), | § |
| | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 17, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Eric Scott Smart. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with the Intent to Distribute and Distribution, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on total offense level of 23 and criminal history category of IV, was 70 to 87 months. On September 15, 2015, District Judge Michael H. Schneider of the Eastern District of Texas sentenced Defendant outside the advisory sentence guidelines pursuant to a binding plea agreement accepted by the court. Accordingly, Defendant was sentenced to 110 months imprisonment followed by 5 years of supervised release, subject to the standard conditions of release, plus special conditions to include monitoring Defendant's financial information to assess his efforts to obtain and maintain lawful

employment, drug testing and treatment, and obtaining a GED certificate. On March 24, 2022, Defendant completed his term of imprisonment and began his term of supervision.

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol and refrain from purchasing, possessing, using, distributing, or administering any controlled substance or paraphernalia related to any controlled substance, except as prescribed by a physician. In Allegation 1 of its petition, the government alleges that on January 19, 2023 and February 1, 2023, Defendant violated his conditions of supervised release by testing positive for both marijuana and methamphetamine.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing a controlled substance as evidenced by testing positive for both marijuana and methamphetamine, Defendant will have committed a Grade B violation U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of twelve months plus one day with two years of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Eric Scott Smart's plea of true be accepted and that he be sentenced to twelve months and one day with two years of supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FCI

Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 17th day of April, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE